IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>ZHONDEE NEPHI,<br><br>               Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION<br><br><br>Case No. 2:18-CR-63-TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Sentence Reduction. For the reasons discussed below, the Court will deny the Motion.

## I.  BACKGROUND

On August 23, 2017, Defendant shot S.M. in the face and left her to die. After she fled the scene, Defendant showered and burned her clothing, and the firearm she used was taken to an unknown location. For this conduct, she received a sentence of 92 months' imprisonment, the low-end of the sentencing guidelines. Defendant now seeks a sentence reduction.

## II.  DISCUSSION

"A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. § 3582(c)(2) allows for modification "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

1

Sentencing Commission" "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Relevant here, Amendment 821 of the Sentencing Guidelines altered the use of so-called "status points." Defendant received a two-point increase in her criminal history for committing the instant offense while on supervised release. This increased Defendant's criminal history category from a III to a IV, increasing her guideline range from 78-97 months to 92-115 months. Under Amendment 821, Defendant would not have received this two-point increase. Thus, Defendant is eligible for a sentence reduction under § 3582(c)(2).

As a result, the Court turns to consider whether a sentence reduction is warranted under the § 3553(a) factors. Under 18 U.S.C. § 3553(a), the Court considers the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range . . .;
(5) any pertinent policy statement;
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

Considering these factors, the Court concludes that a sentence reduction is not warranted here. The nature and circumstances of Defendant's offense are extremely serious. Defendant shot another person and left her to die. Defendant then took actions to cover up her participation in

this senseless killing. The sentence Defendant received appropriately reflects the seriousness of her crime and provides just punishment.

Defendant has other convictions involving violent behavior and substance abuse. Defendant's misconduct has continued even after she was imprisoned. Defendant used drugs when she was living at a residential reentry center, resulting in her reincarceration. These incidents demonstrate that Defendant has yet to be deterred and poses a risk to the public, requiring her continued detention.

The Court acknowledges that Defendant had a difficult upbringing and has made efforts to improve herself while incarcerated. However, the gravity of the offense and Defendant's history of violence compels the Court to conclude that a 92-month sentence was and is appropriate considering all the § 3553(a) factors.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Sentence Reduction (Docket No. 69) is DENIED.

DATED this 3rd day of June, 2024.

BY THE COURT:

Ted Stewart
United States District Judge